**Marlo SORRE, Petitioner-Appellee, v. UNITED STATES of America, Respondent-Appellant.**

No. 163, Docket 21876.

United States Court of Appeals
Second Circuit.

Argued Jan. 11, 1951.

Decided Jan. 24, 1951.

Morris Abramson, New York City, for petitioner-appellee.

Irving H. Saypol, U. S. Atty., for Southern District of New York, New York City, John M. Cunneen, Asst. U. S. Atty., New York City, of counsel, for respondent–appellant.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

Order affirmed on the authority of Schmidt v. United States, 2 Cir., 177 F.2d 450 and United States v. Burke, 2 Cir., 185 F.2d 678.

**In the Matter of REGENCY, Inc., Bankrupt.**

**Jean G. L. Cassel van Doorn and Marij V. Cassel van Doorn, Appellants.**

No. 10315.
United States Court of Appeals
Third Circuit.

Argued Jan. 4, 1951.

Decided Jan. 25, 1951.

Julius J. Seiden, Jersey City, N. J. (Eichmann & Seiden, Jersey City, N. J., on the brief), for appellants.

Paul T. Huckin, Englewood, N. J., for appellee.

Before BIGGS, Chief Judge, and MARIS and HASTIE, Circuit Judges.

PER CURIAM.

The appellants contend that the court below committed error by making an *ad interim* allowance of compensation to the attorney for the trustee and take the position, if we correctly apprehend it, that the court was without the power to do so. The appellants' contention is based on an artificial and forced construction of Section 47, sub. a(12) and (13) of the Bankruptcy Act, 11 U.S.C.A. § 75, sub. a(12) and (13), and Rule B-7(B.) of the Rules of the United States District Court for the District of New Jersey.

Notice of the application for fees was given to all creditors of record and the amount granted by the court was by no means excessive in view of the labor done and the result accomplished by the trustee's attorney. Consequently, the judgment of the court below will be affirmed.